[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Michael Beaulieu, appeals a decision of the defendant Commissioner of Income Maintenance which upheld the suspension of his General Assistance benefits. The Commissioner's action was taken pursuant to General Statutes 17-2b. This appeal is brought pursuant to General Statutes4-183.
Certain essential facts are undisputed: The plaintiff was a recipient of General Assistance (G.A.) benefits and participated in a workfare program administered by the City of New Haven. The City suspended the plaintiff's G.A. benefits for ninety days. The City's decision was issued following a hearing and was based on the finding that the plaintiff had failed to complete his workfare assignment for the weeks ending October 10, 1992 and October 17, 1992. After a fair hearing held by the Department of Income Maintenance on November 6, 1992, pursuant to General Statutes 17-2a, the hearing officer made the factual finding that the plaintiff willfully failed to participate in workfare during the above weeks. Therefore, the Commissioner upheld the city's decision to suspend the plaintiff's G.A. benefits. CT Page 9299
The crucial, fundamental element of the Department's decision was the hearing officer's finding that the plaintiff failed to complete the required hours of workfare during the weeks ending October 10 and October 17, 1992. This finding was strongly supported by workfare timesheets for those weeks. These timesheets, which were introduced as exhibits at the Department hearing, do not contain the plaintiff's signature, indicating that he was not present at the work site. At the hearing, the plaintiff testified that he in fact did work at the site for the required number of hours during each of the weeks in question. He testified that his failure to sign the timesheets was due to his supervisor's absence. The hearing officer advised the plaintiff at the hearing that he would allow the hearing to remain "open" for ten days to give the plaintiff an opportunity to submit written evidence from the work site supervisor, Bernie Sommers, that would substantiate the plaintiff's explanation.
The Department's hearing was held on November 6, 1992. In his decision, dated December 1, the hearing officer stated that he had received no documentation of the plaintiff's claim at the hearing that his name was erroneously omitted from the timesheets.
In his brief to this court in support of his appeal from the Department's decision, the plaintiff for the first time produces a copy of a letter purportedly from "Mr. Bernie Sumers/Light House Park Manager" (sic) to "Mr. Alan Noske/Fair Hearing Unit." The letter bears the date November 9, 1992, which was within the ten day open hearing period. Mr. Noske was the Department's hearing officer who rendered the decision in this case. This letter is not part of the record. The Commissioner has moved to strike the letter from the plaintiff's brief, thereby removing it from the court's consideration. This motion is also before the court.
The court has reviewed the entire record in this case, especially the transcript of the Department hearing, the workfare timesheets, and the hearing officer's decision. Based on this review, the court concludes that the proper course of action at this stage of the case is to remand it to the Department for the taking of additional evidence pursuant to General Statutes 4-183(h). The evidence shall be limited to the letter described above and any testimony or other CT Page 9300 evidence which is relevant to the authenticity of the letter or the lack thereof.
Although the plaintiff, who appears pro se, has not specifically applied for a remand, the letter in question is obviously highly material and, on its face, appears to be precisely what the hearing officer invited the plaintiff to produce. Furthermore, its date, if accurate, places it well within the timeframe permitted by the Department. Finally, the letter purports to be from an official of the city of New Haven to an official of the State of Connecticut relating to the plaintiff's public assistance benefits. If the city official in fact wrote and mailed the letter to the Department hearing officer as indicated, the court should not stand in the way of the Department's consideration of that evidence. All of these circumstances indicate that it is appropriate to remand the case to the Department for additional fact finding concerning the authenticity of the letter and its substance.
The case is remanded pursuant to General Statutes4-183(h).
Maloney, J.